

February 27, 2019

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

  Re:    *Erie Ins. Co. v. Amazon.com, Inc.* No. 18-1198

Dear Ms. Connor,

  This letter constitutes Appellant's response to Mr. Miller's Rule 28(j) letter of February 21.

  The trial court's opinion in the *Stiner* case is discussed in Appellant's opening brief at pages 11 and 23-24.  As noted there, the sale in *Stiner* was through Amazon's "fulfillment-by-seller" program, rather than the "fulfillment-by-Amazon" program which is the basis of the instant appeal. The Ohio appellate court's affirmation of the trial court's opinion noted the important distinction, as had the trial court:

> Amazon had no role in procuring the caffeine powder from its manufacturer, storing, packaging, or distributing the product. Tenkoris determined the sale price, provided all product information for the listing, packaged and fulfilled all orders. Amazon lacked discretion as to the product specifications or listing details, and exercised no control over the packaging or fulfillment of orders.

*Stiner v. Amazon.com, Inc*., 2019-Ohio-586, ¶ 38, 2019 WL 757822 (Feb. 19, 2019).  The trial court's opinion was careful to note that its analysis did not apply to Amazon's "fulfillment-by-Amazon" program (see Appellant's opening brief at page 24, note 54), and the appellate opinion did not alter this distinction.

  Very truly yours,

  JOHN K. WESTON

Andrew B. Sacks
John K. Weston
Scott E. Diamond †Δ•

Jesse M. Cohen †
Jeremy E. Abay †
Brian P. Drach
Jonathan D. Tobin

† Admitted to PA & NJ Bars
Δ LL.M. in Trial Advocacy

• Certified by the Supreme Court of New Jersey
and NBTA as a Civil Trial Attorney